UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEWEL E. DYER,

    Petitioner,

v.

THOMAS D. ALLMAN,

    Respondent.

Case No. 18-cv-04513-RS (PR)

**ORDER OF DISMISSAL;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

This federal habeas petition, which was filed by a pretrial state detainee, is DISMISSED on grounds of abstention and for failure to state a claim for habeas relief. Because this dismissal is without prejudice, petitioner may move to reopen if certain conditions are met.

## STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

## BACKGROUND

According to the petition, petitioner is a pretrial detainee facing criminal charges in the Mendocino County Superior Court. He does not state what those criminal charges are, but from the attached exhibits it appears he is being held on a charge of murder. (Pet., Dkt. No. 1-1 at 5.)

## DISCUSSION

As grounds for federal habeas relief, petitioner alleges (i) he has been denied discovery under *Brady v. Maryland*, 373 U.S. 83 (1963); (ii) his jailors will not allow him sufficient law library or court access; (iii) his speedy trial rights are being violated; and (iv) he has been involuntarily committed to a mental hospital.

Claims (i) and (iii) are DISMISSED on abstention grounds. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances (such as bad faith or harassment). *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Nor should a federal court interfere in state civil proceedings that "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013)). In sum, *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests;

and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all the elements of *Younger* are present. As to the first *Younger* element, the record demonstrates that petitioner's state court proceedings are ongoing.

As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason petitioner cannot pursue his constitutional claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings. Thus, *Younger* abstention is applicable here.

In Claim (ii), petitioner challenges the conditions, not the legality, of his confinement. Therefore, if petitioner prevails on this claim it will not affect the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time

ORDER OF DISMISSAL
CASE NO. 18-cv-04513-RS

3

when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted IFP status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, the second claim will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. The second claim is therefore DISMISSED.

Claim (iv) is DISMISSED, also on abstention grounds. Petitioner's appeal of his civil commitment is pending in the state appellate court. (Pet., Dkt. No. 1 at 4.) If the Court allows his commitment claim to proceed here, it would duplicate the state court proceedings and could lead to unnecessary complications.

If his state appeal has ended, petitioner may file a motion to reopen this action. Any such motion must contain an amended petition that contains greater detail about his involuntary commitment, e.g., when he was committed; what institution he was committed to; how long the commitment has been; what constitutional rights have been violated; and his grounds for relief, which must be articulated with clarity and specificity.

## CONCLUSION

The petition is DISMISSED without prejudice. The Clerk shall enter judgment in favor of respondents and close the file. Petitioner may move to reopen this suit if his state suit is no longer pending.

Petitioner's IFP application is GRANTED. (Dkt. No. 5.) The Clerk shall terminate Dkt. No. 5. Because petitioner is a pretrial detainee, the Clerk shall modify the docket to reflect that this action is brought under 28 U.S.C. § 2241 rather than, as the docket currently has it, under 28 U.S.C. § 2254.

The Clerk shall amend the docket to reflect that Thomas D. Allman, the Sheriff of Mendocino County, is the sole respondent in this action. Petitioner erroneously named the Mendocino Superior Court and various persons as respondents. Allman is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). The Clerk shall terminate the others.

**IT IS SO ORDERED.**

**Dated:** October _9_, 2018

_____
RICHARD SEEBORG
United States District Judge